[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Raising two assignments of error, defendant-appellant Larry Edwards appeals the judgment of the trial court convicting him of one count of aggravated robbery, one count of felonious assault, two counts of kidnapping, two counts of robbery, one count of having weapons while under a disability, and six accompanying gun specifications.
In his first assignment of error, Edwards asserts that the trial court erred in admitting evidence relating to two witnesses' identifications of him. Because we conclude that the identification procedures utilized were not impermissibly suggestive and that the identifications were sufficiently reliable,[1]
we reject this assignment as meritless.
In his second assignment of error, Edwards contends that his convictions were not supported by sufficient evidence and were against the weight of the evidence. Having reviewed the evidence in the light most favorable to the state, we conclude that the jury could reasonably have found the essential elements of the crimes charged proved beyond a reasonable doubt.[2] We, therefore, reject Edwards's challenge to the sufficiency of the evidence. Moreover, because we conclude that, in weighing the evidence, the trial court did not lose its way and create a manifest miscarriage of justice, we reject Edwards's contention that his conviction was against the weight of the evidence.[3]
Accordingly, we overrule the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See Neil v. Biggers (1972), 409 U.S. 188, 93 S.Ct. 375; Mansonv. Brathwaite (1977), 432 U.S. 98, 97 S.Ct. 2243.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721, quoted in State v. Thompkins,78 Ohio St.3d at 387, 678 N.E.2d at 549.